GEORGE R. URQUHART *vs.* E. MAY MARTY.

JUNE 23, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This action of trespass on the case for negligence was heard by a justice of the superior court sitting without a jury, and resulted in a decision for the plaintiff in the sum of $3000. The case is now before this court on the defendant's bill of exceptions, containing her exception to his decision and twenty-four other exceptions taken by her during the trial to his rulings admitting or excluding certain evidence.

It appears from the evidence that on November 25, 1936, at or about 3:30 o'clock in the afternoon, the plaintiff and defendant were involved in a head-on collision of their automobiles on Sneech Pond road in Cumberland. This road runs in a generally easterly and westerly direction, is of black tarvia construction, between twenty-two and twenty-three feet wide, and has a shoulder of sand or gravel construction five and one-half feet in width on the southerly side of the road at the point where the collision occurred. There is also a shoulder of the same construction on the northerly side at this point. On the day of the accident, the road was covered with wet snow and slush which had been more or less tracked by traffic. The road was slippery. It had snowed earlier in the day but it was raining when the accident occurred. There were no witnesses to the accident other than the plaintiff and the defendant.

According to the testimony of the plaintiff, he was driving his Cadillac automobile easterly on his right side of the traveled portion of the highway at a speed of about twenty-five miles an hour and had just reached the crest of a slight elevation in the road when he saw the defendant's automobile about three hundred feet distant on his side of the road. At first glance he thought that the defendant would straighten out her automobile and get over to her own side of the road but almost instantly it dawned upon him that she was not going to be able to do so. In that instant he took his foot off the accelerator, reducing his speed to fifteen miles per hour, applied his brakes and steered his automobile almost two feet further over to the right on the right shoulder of the road. His automobile was struck by defendant's automobile in the front and on its left side. The blow deflected the front of his car back on the traveled part of the road with the rear right wheels remaining some distance on the shoulder. The plaintiff further testified that, at this time, the defendant's automobile was entirely over on her left side of the road. That is where the state police officer,

who arrived about a half hour after the accident, testified that he found it.

The defendant testified that she was traveling about thirty miles an hour on her left side of the road when she first saw the plaintiff's car come over the crest, about three hundred feet away; that she then tried to pull over to her right, as she thought the other automobile would need more room; that as she did so she felt the rear of her automobile skid to the left; that she steered to the left in an effort to get out of the skid; but she was not able to do so before her car crashed into the other automobile.

The defendant is not at all clear as to just where she was when she first saw the plaintiff and she did not appear to have a very clear idea of her situation just before or at the time of the accident. The plaintiff estimates the speed of defendant's automobile at considerably more than she testified. He testified that it was forty miles an hour. From a comparison of certain measurements of distances east and west of the point of the accident, based upon testimony of both plaintiff and defendant as to the distance between them when they first saw each other, it appears that plaintiff's estimate of defendant's speed is approximately correct. It also appears therefrom that plaintiff's testimony as to his own speed is likewise a reasonably correct estimate.

Under her first exception, the defendant contends that the trial justice erred on two grounds, first, that his decision holding her liable is against both the law and the evidence, and second, that his award of damages is not warranted by the evidence and is clearly excessive. The first ground is without merit. We have carefully examined the testimony and other evidence bearing on the question of liability and it appears to us that there is nothing therein that would enable us to say that the trial justice was clearly wrong in finding that the defendant was guilty of negligence and that the plaintiff was free from contributory negligence. Rather it is evident from our perusal of the transcript and of the well-

expressed and comprehensive decision of the trial justice that he thoroughly considered the evidence from every angle, omitting no phase of it favorable to the defendant, and that he weighed it with fairness and impartiality.

But the defendant contends further that she should not be held liable because, as a matter of law, the plaintiff, on the facts in evidence, had the last clear chance to avoid the accident. This contention is without support on our view of the evidence. The trial justice found that the doctrine of the last clear chance did not apply and from our consideration of the plaintiff's testimony of his actions immediately prior to the accident and within, at most, a second or two after defendant's automobile appeared in front of him, we are of the opinion that the finding of the trial justice on this point is correct. To ask the plaintiff to do more than he actually did, and reasonably tried to do, when confronted, as he came over the crest of the road, with the defendant's automobile rapidly approaching him, would be to ask almost the impossible.

We have given consideration to the defendant's contentions with respect to the distance separating these parties when they first saw each other, or when the plaintiff could have first seen the defendant's automobile as or after his car mounted the crest of the hill; but the measurements made by defendant's counsel, on which such contentions are based, are not consistent with the evidence. This conclusion rests upon the testimony of the parties and upon other evidence clearly based upon or reasonably connected with such testimony.

It may be observed in this connection that the trial justice not only had the advantage over us of seeing the witnesses and hearing them testify, but he also had the benefit of a view of the scene of the accident. With this added advantage he was in an especially favorable position to make a fair appraisal of counsel's measurements relative to the actual evidence. With this advantage, he has decided for

the plaintiff on the issue of liability and we cannot say that he was clearly wrong.

The damages are of two kinds; personal injuries and injuries to the plaintiff's car. A great contest was waged by the parties at the trial in the superior court over the extent of the personal injuries of the plaintiff and particularly whether he had suffered seriously or practically not at all in certain respects, according to the testimony of several expert medical witnesses. There was evidence that he had suffered a concussion of the brain. All or most of the medical witnesses seemed to agree that there was some concussion. The real point of departure in the testimony of these witnesses was as to the degree of such concussion. Whether or not there was a mild or a severe concussion is not, however, of importance in our consideration of the trial justice's decision. He has found that this plaintiff did experience serious pain and suffering, and he bases this finding upon substantial medical testimony as well as testimony of the plaintiff himself. That there was other testimony of medical witnesses on the defendant's side, tending to minimize plaintiff's testimony and that of his medical witnesses, is not of itself sufficient to show that the award of damages by the trial justice is grossly excessive. We must be convinced that the finding of the trial justice on this conflicting testimony does not respond to the real merits of the controversy or that it fails to do substantial justice between the parties before we can disturb it.

From our examination of the transcript, we are of the opinion, without expressing a view as to the severity of the plaintiff's pain and suffering or whether such concussion of the brain as he experienced was mild or severe, that the trial justice's finding on the damages for personal injuries is not clearly wrong, but that such finding does substantial justice between the parties.

The defendant makes a still further contention that the damages are excessive because the trial justice refused to

limit them to the date of the plaintiff's writ, there being no allegation of future pain and suffering in the plaintiff's declaration. The plaintiff, for the purposes of this case, admitted that he was not entitled under his declaration to recover damages for pain and suffering, resulting from his personal injuries after the conclusion of the trial, but he contended that he was entitled to damages down to that time. The trial justice expressly excluded from his consideration any damages for future pain and suffering beyond the trial. His finding of damages for personal injuries may therefore be considered to cover the whole period from the day of the accident to the conclusion of the trial. We are of the opinion that the trial justice, in so finding, did not commit error. See *Greene* v. *Gertz*, 36 R. I. 105, 89 A. 16. The rule there stated, with its qualifications, appears to us to be applicable here.

Defendant objects to the trial justice's finding as to the extent of the property damage sustained by the plaintiff as a result of the collision. Defendant contends that the trial justice has adopted an erroneous rule of damages in this instance. The evidence shows that the plaintiff received for his car in its damaged condition $550 in trade as part of the purchase price of a new Buick automobile; that the fair market value of the plaintiff's car before the accident was $1600, according to testimony of plaintiff's expert witness, and between $1200 and $1300, according to defendant's expert witness, who also testified that a liberal value would be $1400. The fair market value after the accident was $400, according to testimony of plaintiff's witness.

The trial justice found that the fair market value before the accident was $1500 and that, therefore, on the basis of $400 as the fair market value of the car after the accident, the plaintiff had suffered a property damage of $1100. In so finding, the trial justice followed the rule that the true measure of damages to an automobile involved in an accident is the difference between the fair market value of the

automobile just before the accident and its fair market value immediately thereafter. This is the correct rule. *Pettit* v. *H. & B. American Machine Co.*, 107 A. 92 (R. I.). In the face of the expert testimony, in the instant case, that the value of the damaged automobile after the accident was $400, the trial justice was not required to adopt the trade-in value as the fair market value as urged by the defendant. On the whole, we are of the opinion that the trial justice's finding of property damage of $1100 is not grossly excessive but rather represents a fair appraisal of such damages.

For the reasons above stated, defendant's first exception is without merit and must be overruled.

There remain to be considered defendant's twenty-four exceptions to rulings admitting and excluding evidence. It is not necessary to discuss each of these exceptions. We have carefully considered all of them and find them to be without merit. It appears to us, from our examination of the transcript and from the language of the trial justice's decision that none of these rulings prejudiced the defendant. On the contrary, we get the very distinct impression from the transcript and the language of the trial justice's decision that the defendant had the benefit of a fair and impartial trial before a judge who was solicitous throughout the trial that all of the rights of both parties should be protected, and whose decision was amply supported by the relevant and material evidence properly admitted before him. For these reasons we think all of defendant's remaining exceptions should be overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Tillinghast, Collins & Tanner, Harold B. Tanner, Westcote H. Chesebrough,* for plaintiff.

*Henshaw, Lindemuth & Baker,* for defendant.